IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No.: 1:18-CR-221-MSN-1 |
| AHMAD 'UMAR AGHA, a/k/a, "THE PRO," | Hon. Michael S Nachmanoff |
| *Defendant*. | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO CERTIFY CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT**

Ahmad 'Umar Agha, by and through counsel, respectfully submits his objection to the government's recent Motion To Certify Case As Complex Under 18 U.S.C. § 3161(h)(7)(B)(ii). *See* Dkt. 28. Mr. Agha makes the instant objection merely to preserve any and all Speedy Trial defenses that might exist in the present matter. In support of his opposition, Mr. Agha submits the following:

**ARGUMENT**

As the Court can observe from the indictment, Dkt. 13, Mr. Agha's criminal matter is an old one. Indeed, a criminal complaint and affidavit were filed against Mr. Agha and one co-defendant in June 2015, Dkt. 1, and a separate co-defendant in September 2015. *See United States v. Romar*, 1:16-cr-140, Dkt. 1 (E.D. Va. 2015). Both the criminal affidavit and the indictment in the present case allege that Mr. Agha and his co-conspirators engaged in criminal conduct as early as August and September 2011 and continued through January 2014. *See* Dkt. 1, p. 4-13; Dkt. 13, p. 3. While the present case was initially under seal, it was unsealed at the government's request in March 2016 and subsequently made public. *See* Dkt. 12. Additionally,

1

one of Mr. Agha's co-defendants, Peter Romar, has already been arrested, convicted, sentenced, and released. *See United States v. Romar*, 1:16-cr-140, Dkt. 47 (E.D. Va. 2016).[1]

      Mr. Agha takes no issue with many of the representations made by the government in its motion regarding the instant case. Indeed, the present matter will likely involve procedures under the Classified Information Procedures Act ("CIPA"). *See* Dkt. 25 (Government's previously filed motion for hearing under CIPA §2). Moreover, given the complexity of the underlying alleged criminal conduct—the computer and network hacking of numerous institutions and entities over the course of roughly two years—this case is likely to involve a substantial amount of discovery material. In fact, the government states that some of the discovery material here "includes evidence from multiple social media, email, and cloud storage accounts, devices from Mr. Agha's coconspirators, and other evidence, some of which is in a different language, and items containing malware that must be reviewed at a secure government facility." Dkt. 28, p. 4.

      However, given the age of the instant case and underlying conduct, counsel for Mr. Agha is unable to join the government's motion, as to do so might be interpreted as a partial waiver of any Speedy Trial defense Mr. Agha may possess under either the Speedy Trial Act or the Sixth Amendment. *See United States v. Hill*, 310 F.2d 601, 603 (4th Cir. 1962) ("Federal courts have consistently held that the right to a speed[y] trial is a personal right of the defendant and is deemed to have been waived by him if not promptly asserted."); *United States v. Gomez*, 67 F.3d 1515, 1523 n.10 (10th Cir. 1995) ("analysis of a Speedy Trial Act claim is separate from analysis of a Sixth Amendment violation"); *United States v. White*, 443 F.3d 582, 588 (7th Cir. 2006)

---

[1] Counsel acknowledges that the Court certified Mr. Agha's co-defendant's case as complex, over the objection of counsel. *See Romar*, 1:16-cr-140, Dkt. 23 (E.D. Va. 2016).

(statutory and constitutional speedy trial rights are "related but distinct, so that a violation of one may be found without a violation of the other"). *But see, Barker v. Wingo*, 407 U.S. 514, 528 (1972) ("[w]e reject, [] the rule that a defendant who fails to demand a speedy trial forever waives his right. This does not mean, however, that the defendant has no responsibility to assert his right. We think the better rule is that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right.").

## CONCLUSION

For the reasons stated above, and so as not to be seen to waive any potential defense under either the Speedy Trial Act or the Sixth Amendment, counsel for Mr. Agha objects to the government's instant motion. However, should this Court, given the CIPA and discovery issues detailed by the government, certify the instant matter as complex, undersigned counsel would be available for a status hearing on December 8, 10, or 11, 2025.[2]

Respectfully submitted,

AHMAD 'UMAR AGHA,
By Counsel

_____/s/_____
Zachary A. Deubler, Esq. VSB #90669
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 684-7908
zach@carmichaellegal.com
*Counsel for Defendant*

---

[2] Counsel notes that he has a sentencing in another matter, before the Honorable Patricia Giles on December 11 at 9 A.M. *See United States v. Galvez*, 1:25-cr-244, Dkt. 24 (E.D. Va 2025). Therefore, counsel would ask that if a status hearing were scheduled in this matter for December 11, that it be placed on the afternoon docket.

3

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this 3rd day of November 2025, a true and accurate copy of the foregoing was served on all counsel of record via the Court's Electronic Filing System.

                                           /s/
                                  Zachary A. Deubler, Esq